IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d)

1:22-MJ-249

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(c)-(d), requesting that the Court issue an Order requiring AT&T Mobility, LLC (d/b/a AT&T Wireless and Cricket Wireless), Sprint Corporation (d/b/a Sprint and T-Mobile), Dish Wireless, LLC (d/b/a Boost Mobile), Cricket Wireless, and Verizon Communications, Inc. (d/b/a Verizon Wireless) ("the Service Providers") to disclose certain records and other information with respect to a cell tower that provided cellular service at a listed address set out in the application, for a one hour period on a listed date, that is:

> to disclose to the United States all records and other information (not including the contents of communications) about all communications made using the cell tower during the corresponding timeframe(s) [the one-hour period], including the records that identify:

a. the telephone call number and unique identifiers for each wireless device in the vicinity of the cell tower ("the locally served wireless device") that registered with the cell tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

b. for each communication, the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device;

c. the date, time, and duration of each communication

d. the source and destination telephone numbers associated with each communication (including the number of the locally served wireless device and the number of the telephone that transmitted a communication to, or to which a communication was transmitted by, the locally served wireless device); and

e. the type of the communication transmitted through the tower (such as phone call or text message).

These records should include records about communications that were initiated before or terminated after the specified time period, as long as part of the communication occurred during the relevant time period.

The application was submitted to the Court on May 20, 2022, and in a telephone call the following week to the Assistant United States Attorney handling the case, the Court noted potential Fourth Amendment issues that would need to be considered and addressed. The Court gave the Government the option of briefing those issues or instead proceeding with a warrant on a showing of probable cause, with a two-step process to anonymize the initial results before obtaining identifying numbers or accounts on a more specific showing. On June 16, 2022, the Government ultimately elected to brief the question of whether it could proceed on the § 2703(d) application, without submitting a warrant application on a showing of probable cause.

The Court therefore directs the Government to submit a brief addressing: (1) the statutory basis for the request; (2) the Fourth Amendment issues; (3) whether and how the request differs from a geofence warrant; and (4) the relevant case law. That brief is due in 14 days, by June 30, 2022.

2

Case 1:22-mj-00249-JEP   Document 2   Filed 06/16/22   Page 2 of 4

In addition, the Court will appoint the Federal Public Defender's Officer to brief the opposing position. The response brief will be due 14 days after the Government's brief is filed. The Government may file a reply brief within 7 days thereafter.

The Court finds that there is reason to believe that notifying any other person of the specific parameters of the application (i.e., the specific address and specific date and time sought) or the offense being investigated will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. Therefore, the application itself will remain sealed at this time. However, the Court anticipates that a redacted version of the application and of the briefs will ultimately need to be filed as part of the public record. See generally Local Rule 5.4. Therefore, the briefs will be filed under seal, but within 7 days after the filing of the reply brief, the Government must file a motion to seal and must include redacted versions of the application and briefs that can be unsealed for the public record.

IT IS THEREFORE ORDERED that by June 30, 2022, the Government must file a brief addressing: (1) the statutory basis for the request; (2) the Fourth Amendment issues; (3) whether and how the request differs from a geofence warrant; and (4) the relevant case law.

IT IS FURTHER ORDERED that Assistant Federal Public Defender Eric Placke is appointed to brief to opposing position. The response brief is due 14 days

after the Government's brief is filed, and the Government may file a reply brief within 7 days thereafter.

IT IS FURTHER ORDERED that the Application is placed under seal, and the briefs will likewise be filed under seal, but within 7 days after filing the reply brief, the Government must file a motion to seal accompanied by a redacted version of the application and briefs as noted above.

This, the 16th day of June, 2022.

/s/ Joi Elizabeth Peake<br>
United States Magistrate Judge